IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

**FILED**

JUN - 8 2016


Clerk, U.S. District Court
District Of Montana
Billings

| | |
|---|---|
| MYRON KOVASH individually and owner of, BEVERLY KOVASH individually and owner of YELLOWSTONE GIFTS AND SWEETS,<br><br>Plaintiffs,<br><br>vs.<br><br>U.S. DEPARTMENT OF TRANSPORTATION, RIVERSIDE CONTRACTING INC., a Montana corporation, and DOES 1-10,<br><br>Defendants. | CV 16-10-BLG-SPW<br><br>OPINION and ORDER |

The Court recently dismissed the U.S. Department of Transportation ("Department") as a party. The Court now *sua sponte* remands this action back to state court.

## I. Background

The Plaintiffs filed this action against the Department and Riverside Contracting ("Riverside") in Montana state court and allege negligence and breach of contract. The Plaintiffs and Riverside are Montana citizens. On February 16, 2016, the Department removed the action to this Court under 28 U.S.C. § 1442(a)(1). The Department's presence provided the only basis for federal

1

jurisdiction. This Court has not decided any substantive issues in this case or entered a scheduling order. The preliminary pretrial conference is presently scheduled for June 9, 2016.

On June 8, 2016, the Court granted the Department's unopposed motion to dismiss. The Department and the Plaintiffs apparently agree that the only applicable waiver of sovereign immunity requires this action to be brought in the United States Court of Federal Claims. (Doc. 17 at 2.) After the Department's dismissal, all that remain are Montana citizens disputing claims arising under Montana law.

## II. Discussion

Generally, the propriety of removal jurisdiction is determined at the time of removal, *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939), and "a federal court does have the power to hear claims that would not be independently removable even after the basis for removal jurisdiction is dropped from the proceedings," *Swett v. Schenk*, 792 F.2d 1447, 1450 (9th Cir. 1986). However, federal courts have the discretion to remand remaining pendent state law claims when retaining jurisdiction would be inappropriate. *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1000 (9th Cir.1997) ("[A] federal district court with power to hear state law claims has discretion to keep, or decline to keep, them under the conditions set out in 28 U.S.C. § 1367(c).").

The district court may decline to exercise supplemental jurisdiction for various reasons stated in the statute, including when "the district court has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. § 1367(c)(3). Supplemental jurisdiction under 28 U.S.C. § 1367(a) is discretionary, and courts may decline to exercise jurisdiction over supplemental state law claims "[d]epending on a host of factors ... including the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims." *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 173 (1997).

In exercising its discretion, the Court must consider whether retaining or declining jurisdiction will best accommodate "the objectives of economy, convenience and fairness to the parties, and comity." *Trustees of Construction Industry and Laborers Health and Welfare Trust v. Desert Valley Landscape & Maintenance, Inc.*, 333 F.3d 923, 925 (9th Cir. 2003). The United States Supreme Court has held that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors ... will point toward declining to exercise jurisdiction over the remaining state-law claims." *Acri*, 114 F.3d at 1001 (quoting *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988)); *see also Harrell v. 20th Century Ins. Co*, 934 F.2d 203, 205 (9th Cir. 1991) (holding that in the usual case "it is generally preferable for a district court to remand remaining

3

pendent claims to state court"). "Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties by procuring for them a sure-footed reading of applicable law." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966).

With the Department's dismissal from the case, the Court has "dismissed all claims over which it has original jurisdiction," and so has discretion to decline to exercise supplemental jurisdiction over the state law claims under § 1367(c)(3). The Court exercises that discretion and remands this action back to state court. Resuming litigation in state court would not be wasteful or duplicative, as the Court has not addressed any substantive issues in this case. The only remaining parties are Montana citizens, and the Plaintiffs' claims arise under Montana law. Remanding the case now would avoid any needless decisions of state law. Simply put, this case belongs in state court.

## III. Conclusion

This Court has an obligation to *sua sponte* consider its subject matter jurisdiction. *United Inv'rs Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 966-67 (9th Cir. 2004). After reviewing the record, this Court finds that a remand to state court is appropriate. Accordingly, IT IS HEREBY ORDERED:

1. The preliminary pretrial conference set for June 9, 2016 is VACATED.

4

2. The Clerk of Court shall remand this case to the Montana Sixth Judicial District Court, Park County.

DATED this 8th day of June, 2016.

*Susan P. Watters*
SUSAN P. WATTERS
United States District Judge